## LA GRANDE INVESTMENT CO. *v.* SHAW.

[72 Pac. 795, 74 Pac. 919.]

MINES—INSTRUCTION AS TO VALIDITY OF LOCATION.

1. An instruction in an action for the price on a contract of sale of mining claims that the existence of a mining location for the claims described in the contract as contemplated by the United States law (that is, a discovery of a mineral bearing lode in place, and the marking of the claim, and staking it on the ground) is a condition precedent to the right to recover, and that if plaintiff did not have the claims so properly located at the time of the making of the contract, it cannot recover, does not limit the discovery to a time prior to the location, but merely makes discovery a condition to the right of recovery, and allows a recovery if there was a discovery on a previous attempted location prior to the commencement of the action.

ENTIRE CHARGE TO JURY MUST BE CONSIDERED.

2. In determining the correctness of a clause or paragraph of a charge to a jury it must all be considered, for an important qualification may have been expressed but once, though understood to be applicable to subsequent paragraphs: Thus, where the defense in an action for the price on a contract of sale is that there were fraudulent representations, and the court at the outset of the general charge states that the burden of proving the fraudulent representations is with defendant, and defines what will constitute such a fraud and deceit as will relieve defendant of his obligation, subsequent instructions making no reference to fraud must be read in connection with the first paragraph.

SALES—LANGUAGE CONSTITUTING A REPRESENTATION.

3. A contract by which one party agrees to deed to another certain mining claims, naming them, and stating their location, is a representation that they are mining claims and not mere prospects.

ESSENTIAL CONDITIONS OF A VALID QUARTZ MINING CLAIM.

4. There being no question as to the effect by relation of a discovery after an attempted location, an instruction that, to constitute a quartz mining claim, it is necessary that a vein or lode of rock in place bearing minerals exist within the boundary lines of the claim, and that the person purporting to locate the claim

had discovered the vein or lode before the location could be made, is unobjectionable, since such a discovery at any time before subsequent rights have attached is sufficient.

INSTRUCTIONS MUST BE CONFINED TO THE ISSUES.

5. Cases must be tried on the issues fairly made by the pleadings, and the instructions must be so limited or the jury may be misled, to the injury of one of the parties: For example, where the answer in an action for the sum due on a contract of sale did not distinctly claim a failure of consideration as a defense, though it was inferentially stated in the form of a conclusion of law, and also as a part of a charge of fraud, the jury should not have been instructed as to the effect of a failure of consideration, or as to what would be such, under the contract sued on, for it was outside the pleadings.

From Baker: ROBERT Eakin, Judge.

Action by the La Grande Investment Company against F. L. Shaw. Plaintiff and defendant entered into a contract of date September 8, 1900, under the terms of which plaintiff executed a deed to an undivided half interest in 10 alleged quartz and placer mining claims in favor of the defendant, and an assignment to him of a certain contract between C. G. Green and Wm. B. Sargent, and placed them in the hands of the Oregon Commercial Company at Express, Oregon, to be delivered to the defendant upon compliance with the agreement on his part, namely, within 60 days to perform, or cause to be performed, upon said mining claims, the necessary labor to do the discovery work upon each of them, except two placer claims, as required by the laws of the State of Oregon; also to do the assessment work upon said claims in accordance with the laws of the United States—all free of expense to plaintiff; and further to pay to the order of plaintiff the sum of $500 on or before March 1, 1901. There is a condition that, should defendant fail, refuse, or neglect to complete the discovery and assessment work within the time required, the plaintiff might, at its option, declare the $500 due and payable at once, or, should he complete such work, but fail to make payment as stipulated, the plaintiff might, at its option, declare the contract null and void, and that thereupon all work done would inure to the benefit of the

44 OR.——27

plaintiff. The $500 not having been paid by March 1, 1901, plaintiff seeks by this action to recover that sum upon the contract. The defendant's plea is that he was induced to enter into the contract by the fraudulent representations of the plaintiff through its president that it was the owner of an undivided half interest in the quartz and placer mining claims purporting to be described in the deed placed in escrow; that it was the owner of the contract mentioned, the same being a contract for the title to the other undivided one-half interest in and to all of said mining claims, and that each and all of said claims were good and valid locations of mining claims upon lands subject to such locations—that is to say, that each of said quartz claims contained a vein of quartz in place, bearing gold or other precious metals; that said vein had been discovered within the boundaries of each of said mining claims, and that each had been duly and regularly located, and the proper record made thereof, and that the placer mining claims mentioned and described were good placer locations, made upon mineral ground. The plaintiff took issue with these allegations in the reply, and the case went to trial before a jury upon the pleadings thus formulated. The verdict and judgment being for defendant, plaintiff appeals.                                             REVERSED.

For appellant there was a brief over the names of *William B. Sargent* and *Ramsey & Oliver*, with an oral argument by *Mr. W. M. Ramsey.*

For respondent there was a brief over the name of *Olmstead & Miller*, with an oral argument by *Mr. M. L. Olmstead.*

MR. JUSTICE WOLVERTON, after stating the facts in the foreging terms, delivered the opinion of the court.

The assignments of error are numerous, but are all based upon exceptions to instructions given and the refusal of

others requested by counsel for plaintiff. The contract was offered in evidence, which, with attendant proofs, served to make at least a *prima facie* case for the plaintiff. The real contest centers upon defendant's allegations of misrepresentation and fraud in inducing him to sign the contract. The testimony tends to show that the president of the plaintiff corporation represented to defendant that the claims described in the contract were quartz and placer mining claims; that they were located in Lost Basin; that they were valuable and good property; that he could not handle them because of the remoteness of his residence from them, otherwise he would develop and improve them ; and that the discovery work had not been performed on either of said claims, of which latter fact the defendant was aware. It further tends to show that other locations of claims had been made in Lost Basin, covering some of the same ground which plaintiff's claims were supposed to include, and that a vein or lode had been discovered in that locality and developed, and that it was at least half a mile in length. There is other testimony, however, tending to show that no vein or lode of quartz bearing gold or other metals in place, existed upon or within the boundaries of the supposed quartz claims, nor mineral of any kind, or, at least, not in paying quantities in deposit upon the alleged placer claims, and that defendant was deceived and misled by such misrepresentations, and thereby induced to sign the contract. The instructions complained of follow, and we will notice them in the order of the exceptions stated in the brief of counsel.

1. Number 2 instructs : "The existence of a mining location as contemplated by the United States law (that is, discovery of a mineral-bearing lode in place, and the marking and staking upon the ground of the claim) for the claims described in the contract herein and to be conveyed by such deed as is provided for is a condition precedent for

plaintiff's right to recover the contract price. And if you find that the plaintiff did not have all the claims so properly located at the time of the making of the contract and the execution of the deed, then plaintiff is not entitled to recover."

The exception seems to rest upon the hypothesis that the court told the jury that a discovery of a mineral-bearing lode in place must have been made upon each and every of the alleged quartz claims before any location could have been made, and that a proper location should have been made as a condition precedent to the plaintiff's right to recover. The court did not limit the discovery to a time prior to the location, but made it a condition precedent to the plaintiff's right of recovery, so that, under the instruction, a discovery prior to the institution of the action upon an attempted location would have been sufficient by relation, if the location was otherwise sufficient or properly made.

2. In this connection it is argued that the instruction would not warrant a recovery if all but one of the claims had been regularly located through discovery, marking on the ground, etc., and as to that one there was no proof on the subject, even though there was no fraud in the case. Now, while there is no reference made in this particular instruction to any fraudulent purpose, it must be read in connection with the general charge. In reality all these instructions are conditioned upon the proof of fraud in connection therewith, as the court at the very outset told the jury that the burden of proving the alleged fraudulent representations was with the defendant, coupled with a clear definition as to what would constitute such a fraud and deceit as would relieve the defendant of his alleged obligation. The exceptions, therefore, to this instruction were not well taken.

We may say here that plaintiff's strong contention is

that "any one who has attempted to locate a mining claim, and has done anything toward the location thereof, has something that he can sell, and that the execution of a deed conveying such right would be a sufficient consideration to support a promise to pay money. Such a right is good against a person who has not a better right." As an abstract proposition, the contention is probably sound; but it seems to us that it mistakes the real controversy. A person may sell a mining prospect, and deed it, if he so desires, by quitclaim or otherwise, and it would constitute a sufficient consideration for the payment of money, even if it proved worthless, if he sold as a prospect. But in the case at bar the plaintiff contracted for the sale and conveyance of quartz and placer mining claims, coupled, as defendant alleges, with representations that they were such, when in truth and in fact none such existed to plaintiff's knowledge; and the issue is on the fraudulent representations as to the mining claims. The attempt, so far as the pleadings show, was, not to sell a prospect, but certain mining claims represented to be such. Such was the theory adopted by the trial court, and we think is the proper one to be maintained under the issues.

Instruction No. 3 is but a sequence of the second, and unexceptionable.

3. By the fourth the jury were told:

" By the terms of the contract set out in the complaint the plaintiff sold to the defendant certain mining claims, and the contract itself is a representation made by the plaintiff to the defendant that the mining claims mentioned in the contract were mining claims as stated therein."

It is argued that no such a result could follow. Why not? The contract recites that "in consideration," etc., "the said party of the first part [plaintiff] has caused to be executed to the said second party [defendant] a mining deed for an undivided one-half interest in and to the following mining

claims, to wit: The Humpback quartz claim, which was located on Sep. 14, 1899," etc., the "Charley Boy quartz," the "Kansas Girl quartz claim," and so on, throughout the whole list, including "Miney Yon placer claim," and "Dandy Joe placer claim," stating when and where and how located, together with recording of notice, etc. These statements, whether in a contract or not, it seems to us, operate as representations concerning such claims, to be considered with all the other representations that plaintiff may have made to defendant relative thereto.

4. By No. 5 the court instructed:

" To constitute a quartz mining claim, certain things are absolutely necessary : *First*, that a vein or lode of rock in place bearing minerals exists within the boundary lines of the mining claim ; *second*, that the person purporting to locate the said claim has discovered this vein or lode before the location can be made."

This is technically correct. A discovery after an attempted location may, however, take effect and validate the location by relation, providing no valid discovery and location by a third person has intervened : *Crown Point Min. Co.* v. *Crismon*, 39 Or. 364 (65 Pac. 87); *Jupiter Min. Co.* v. *Bodie Consolidated Min. Co.* (C. C.) 11 Fed. 666, 675; *North Noonday Min. Co.* v. *Orient Min. Co.* (C. C.) 1 Fed. 522, 531. There is evidence here tending to show that no discovery of quartz in place was made, either before or after the attempted locations, at least as to many of the claims, and no question arose as to the effect of any location by relation on account of discovery being made subsequently. The sixth instruction is a development of the same idea, and was not inappropriate.

There is some discussion as to the effect of the evidence. But that was a matter for the jury to determine, and, having passed upon it, we cannot disturb their findings in that regard.

As to the instruction asked, it may be briefly said that they are either covered by the general charge, or else they were not proper to be submitted to the jury under the theory upon which the case was tried by the court below, which we hold was correct in principle.

These considerations affirm the judgment of the trial court, and it is so ordered.

---

Decided 11 January, 1904.

### ON REHEARING.

MR. JUSTICE WOLVERTON delivered the opinion.

5. A rehearing having been granted herein, we have carefully reviewed our former holding. The error of the trial court most strenuously urged at this time is that it instructed the jury, in effect, that the defendant depended upon two defenses, namely, a failure of consideration to support plaintiff's demand, and fraud as an inducement to the contract, forming the basis thereof, whereas the answer sets up the latter only of such defenses. The point was but little discussed at the first argument of counsel, and is only inferentially stated in an elaborate brief of many pages, so that our investigation led us to the conclusion that the trial court meant to submit but one defense to the jury ; that is, the one based upon fraud. There is substantial reason, however, for believing to the contrary from a survey of the entire charge, which is to be found in the respondent's brief, and concluding, as a consequence, that the jury did not so understand the charge, and were misled, we must assume, to the injury of the plaintiff. In instruction No. 2, to which there was no exception, we find this language :

"A part of the defense is that the plaintiff induced the defendant to execute said contract by false and fraudulent

representations. The burden of proving the alleged false and fraudulent representations is on the defendant, Shaw."

This leaves the inference, without saying so, that there was another part of the defense competent for their consideration. Again, the court said, in the fifth instruction, which also was not excepted to:

" I charge you that there is no affirmative defense pleaded in the defendant's answer, but the alleged fraud above referred to, and that the claims, the subject of the contract, or some of them, did not exist."

And again, in the eighth instruction, to which there was an exception, it said:

"And if you find that the plaintiff did not have all the claims, being so properly located at the time of the making of the contract and the executing of the deed, then plaintiff is not entitled to recover."

This entire instruction is set out in the original opinion. From these and some other expressions of a similar trend, we are induced to believe that the court designed to give the jury to understand that they had a right to pass on the two defenses, instead of the one only relating to fraud. Nowhere does the court tell the jury in direct language, however, that a failure of consideration was a defense to the action; and it is only by deduction and inference from such expressions as above indicated that we are enabled to determine that such a defense was intended to be submitted to them for their consideration, and that they probably so understood it, and so acted in the discharge of their duty.

The want of the existence of the mining claims is pleaded in the answer, but only as constituting an element in the fraud relied upon, as that the plaintiff's agent represented that such claims had been discovered and duly located, when none such in fact existed. There is, however, the following direct allegation, viz:

" That defendant never received any consideration whatever for the said agreement, nor for the said promise to pay the said $500 set forth therein."

But it is so thrown in among the allegations touching the supposed fraud, and so connected and coupled therewith, as to exclude the idea that it was intended thereby to set up the distinct defense of a failure of consideration. If it was otherwise intended, however, the allegation is but a conclusion of law, considering the context and the relation in which it is employed. We conclude, therefore, that the defense of a failure of consideration was not interposed by the answer, and that it was error to instruct that the plaintiff could not recover unless the claims forming the basis of the negotiations and the consideration for the promise sued on were legal and valid locations of mining claims, as the jury were thus inferentially, but, in effect, told that, if the consideration for the obligation failed in this respect, the plaintiff was without remedy; and this, as we now view the instructions, without reference to any question of fraud.

The remaining considerations in the main opinion will be adhered to, but for this error the judgment heretofore rendered by this court will be vacated, and that of the trial court reversed, and it is so ordered.          REVERSED.

---

Decided 1 March, rehearing denied 13 June, 1904.